NO. 07-06-0234-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 17, 2006
_____

IN THE MATTER OF THE MARRIAGE OF
ANTHONY SCOTT BROWN AND GLENDA DARLENE BROWN,
A/K/A GLENDA DARLENE ROMINES
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 69476-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____MEMORANDUM OPINION


Appellant, Anthony Scott Brown, appeals an order of dismissal of his petition for divorce. We previously abated and remanded the matter to the trial court for findings of fact necessary to our jurisdictional determination. We reverse and remand to the trial court for further proceedings.[1]

---

[1] Because of the disposition of this matter and pursuant to Rule 2 of the Texas Rules of Appellate Procedure, we are dispensing of the requirement of the 21 days notice to the parties.

## Background

Brown filed a petition for divorce in 2004. Because of his incarceration with the Texas Department of Criminal Justice, Brown corresponded with the trial court by mail and never made a personal appearance. On March 16, 2006, the trial court signed an order of dismissal for lack of prosecution. Upon receiving the order of dismissal, Brown sent the trial court a motion requesting reinstatement of the divorce proceedings. The trial court took no action on his motion to reinstate which was denied by operation of law. See TEX. R. CIV. P. 329b(c). Brown then filed a notice of appeal with the trial court clerk on June 7, 2006. On July 27, we abated the matter to the trial court for findings of fact to assist this court in determining whether Brown's motion to reinstate extended appellant's time to file notice of appeal. As a result of the trial court's additional investigation of the facts, the trial court concludes that Brown's motion to reinstate was indeed timely and that the trial court's order of dismissal was premised on the mistaken belief that Brown's lack of prosecution of the petition for divorce was intentional or the result of conscious indifference. Further, the trial court concedes in its findings of fact that Brown is entitled to a hearing on his motion to reinstate. Therefore, in the interest of justice, we will not require the filing of briefs, see TEX. R. APP. P. 2, and will reverse the trial court's order of dismissal and remand to the trial court for further proceedings.

It is so ordered.

Per Curiam

2